UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERNES SULJIC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:10-CV-1130 (CEJ) |
| | ) |
| ERIC H. HOLDER, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents oppose the petition and have moved the Court to dismiss petitioner's claims. Petitioner has not responded to the respondents' motion to dismiss and the deadline for doing so has passed.[1]

I.  Background

Petitioner was born in Bosnia-Herzegovina on July 3, 1990 and entered the United States as a refugee in May 1998. Petitioner's status was adjusted to that of a lawful permanent resident on March 25, 2005. On March 12, 2010, petitioner pled guilty to possession of child pornography in the Circuit Court of St. Louis County, Missouri, a felony under Mo Rev. Stat. § 573.037. On April 26, 2010, petitioner received a suspended imposition of sentence and was placed on five years' probation.

Immigrations and Customs Enforcement (ICE), an agency of the Department of Homeland Security (DHS), initiated removal proceedings against petitioner based on

---

[1]On October 29, 2010, petitioner requested an extension of time to file a response to defendants' motion to dismiss. (Doc. #13). The Court granted the request and set a deadline of November 11, 2010 for the response.

his conviction for an "aggravated felony" under the Immigration and Naturalization Act (INA), 8 U.S.C. 1227(a)(2)(A)(iii).[2] Petitioner was taken into custody by ICE on May 5, 2010 without bond. At a hearing on May 20, 2010 an Immigration Judge (IJ) denied petitioner bond, but granted petitioner's request for a bond re-determination hearing challenging his inclusion in the mandatory detention category per Matter of Joseph, 22 I&N Dec. 799 (BIA 1999). At the Matter of Joseph hearing on June 15, 2010, the IJ granted the government leave to provide supplemental evidence regarding petitioner's mandatory detention and continued the hearing until July 15, 2010.

On June 23, 2010, petitioner filed this action, asserting that his continued detention by ICE was illegal. Petitioner claims that the continuance of his Matter of Joseph hearing was unreasonable. Petitioner also asserts that the crime for which he was convicted cannot be classified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(I)[3] and 18 U.S.C. §§ 2251-52.[4] Finally, petitioner seeks a determination that he is not subject to mandatory detention and cannot continue to be detained without an individualized bond determination. He requested a temporary restraining order and preliminary injunction compelling a bond to be set and his release from custody. After a hearing on June 24, 2010, the Court denied petitioner's motion for a temporary restraining order and preliminary injunction, finding that his detention by ICE was not unreasonable at that time.

---

[2] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. 1227(a)(2)(A)(iii).

[3] Defining "aggravated felony" as including "an offense described in section 2251, 2251A, or 2252 of Title 18 (relating to child pornography)." 8 U.S.C. § 1101(a)(43)(I).

[4] Prohibiting the production, possession or transport of child pornography.

On August 9, 2010, respondents filed a response to the habeas petition and a motion to dismiss the petition. They argue that petitioner's detention is legal and that the Court lacks jurisdiction to determine issues that form the basis for petitioner's removal under The REAL ID Act of 2005, 8 U.S.C. § 1252.[5] Respondents further argue that because removal proceedings before the Immigration Judge and Board of Immigration Appeals are ongoing and no final order has been issued, petitioner has failed to exhaust his administrative remedies and therefore lacks standing. Finally, respondents seek the dismissal of respondents United States Attorney General Eric H. Holder, Jr., Secretary of the Department of Homeland Security Janet Napolitano, and ICE Deputy Field Office Director Ken Carlson because they are not petitioner's immediate custodians.

On October 29, 2010, the government filed a status report on petitioner's ongoing removal and detention proceedings. (Doc. #12). According to the report, after a July 8, 2010 hearing for a redetermination of the conditions of petitioner's custody, the IJ ruled that petitioner was not subject to mandatory detention under Section 236 (c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c)(1)(B).[6] (Doc. #12-1). The IJ cited Matter of Arreola, 25 I&N Dec. 267 (2010) in support of

---

[5] "With respect to review of an order of removal under subsection (a)(1) of this section, the following requirements apply: . . . The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(a)(5)-(b)(2).

[6] "The Attorney General shall take into custody any alien who . . . (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1).

this conclusion. Id. However, finding that the DHS was substantially likely to prevail on the aggravated felony charge of removability and that the petitioner is a danger to the community, the IJ determined that petitioner should not be released on bond. Id. Both the DHS and petitioner appealed this decision to the Board of Immigration Appeals (BIA). Id.

In a decision dated October 25, 2010, the BIA overturned the IJ's determination that petitioner was not properly included in the mandatory detention category. Id. The BIA found that the DHS is substantially likely to prove that petitioner is deportable by reason of having committed an aggravated felony, and thus, is subject to mandatory detention. Id. The BIA based this finding on the fact that petitioner's conviction under the Missouri child pornography statute is "described in" 18 U.S.C. § 2252(a)(4)(B)[7] and so constitutes an aggravated felony under Section 101(a)(43(I) of the Act. Id. As a result of the finding that petitioner is subject to mandatory detention, the BIA found that the IJ was without authority to redetermine the conditions of petitioner's custody per 8 C.F.R. § 1003.19(h)(2)(ii)[8] and ordered that

---

[7] "Any person who . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if-- (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct." 18 U.S.C. § 2252(a)(4)(B).

[8] "[A]n immigration judge may not redetermine conditions of custody imposed by the Service with respect to . . . Aliens in removal proceedings subject to section 236(c)(1) of the Act [8 U.S.C. § 1226(c)(1)]." 8 C.F.R. § 1003.19(h)(2)(ii) (including those aliens subject to mandatory detention and removal for being convicted of an aggravated felony).

petitioner be held without bond pursuant to 8 U.S.C. § 1226(c)(1)(B).

II.     Discussion

The REAL ID Act of 2005, 8 U.S.C. § 1252, establishes limits to the federal courts' jurisdiction in immigration proceedings. Specifically, § 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any habeas corpus provision, by section 1361 or 1651 of such title such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

The Act has been recognized by the Eighth Circuit Court of Appeals as "an adequate and effective substitute for habeas review. Mohamed v. Gonzales, 477 F.3d 522, 526 (8th Cir. 2007) , citing Alexandre v. U.S. Attorney General, 452 F.3d 1204 (11th Cir. 2006). Jurisdiction to review constitutional claims and issues of law in a removal order is vested in the federal courts of appeal. 8 U.S.C. § 1252(a)(2)(D). As the court of appeals found, through the Act "Congress has created a remedy as broad in scope as a habeas petition. It is an adequate and effective substitute to test the legality of a person's detention." Mohamed, 477 F.3d at 526.

In the instant case, the claims asserted by petitioner in his habeas petition are identical to the issues presented in the removal proceedings. Here, the petitioner contends that he has not been convicted of an "aggravated felony" as that term is defined in 8 U.S.C. § 1101(a)(43)(I). The determination of this issue is at the heart of the question of petitioner's detention and removability in the administrative proceedings. Additionally, petitioner asserts procedural challenges to the removal

proceedings, specifically the timing of his being taken into custody and the IJ's continuance of the hearing. The Eighth Circuit has held that challenges alleging procedural defects in removal proceedings are essentially challenges to the removal order. <u>Codina v. Chertoff</u>, 283 Fed.Appx. 432, 2008 WL 2831993 (8th Cir. 2008) (<u>citing</u> <u>Haider v. Gonzales</u>, 438 F.3d 902, 910 (8th Cir. 2006)).

For the reasons discussed above, the Court lacks subject matter jurisdiction to consider petitioner's habeas petition.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the respondents to dismiss by respondents [Doc. #8] is **granted**.

A separate order of dismissal will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2011.